IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Brady, | Case No.: 4:24-cv-03033-JD-KDW |
| Plaintiff, | |
| vs. | ORDER AND OPINION |
| Truist Bank, formerly known as BB&T Bank, | |
| Defendant. | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 42) issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses Defendant Truist Bank, formerly known as BB&T Bank's ("Defendant" or "Truist Bank") motion to dismiss (DE 31.)[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates herein. A brief summary is provided for context.

Plaintiff James Brady, initially represented by counsel, filed this action in state court against Defendant Truist Bank (formerly BB&T Bank), asserting claims including breach of contract and unjust enrichment. (DE 1-1.) The case was removed to the United States District Court for the District of South Carolina on May 15, 2024.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

(DE 1.) Subsequently, Plaintiff's counsel moved to withdraw, and the motion was granted on September 25, 2024, leaving Plaintiff to proceed pro se. (DE 14.)

Following removal, Truist Bank served discovery requests and, upon receiving no response, moved to compel on December 5, 2024. (DE 28.) The Court ordered Plaintiff to respond by January 14, 2025, warning that failure to comply could result in sanctions, including dismissal. (DE 29.) Plaintiff did not comply, and Defendant moved to dismiss the case on January 24, 2025, citing Plaintiff's failure to engage in discovery or communication. (DE 31.)

Despite being given multiple opportunities, including specific orders under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and a final directive on March 7, 2025, to respond by April 7, 2025, Plaintiff filed no response. (DE 32, DE 39.) Instead, Plaintiff emailed defense counsel on April 8, 2025, claiming prior compliance and attaching generic objections that referenced Maryland law and inconsistent gender references. (DE 41.) These objections were not filed with the Court and were neither specific nor formatted under the Federal Rules.

### B. Report and Recommendation

On April 11, 2025, the Magistrate Judge recommended granting Truist Bank's motion to dismiss without prejudice because of Plaintiff's ongoing failure to prosecute, non-compliance with court orders, and failure to properly engage in the discovery process under Rule 41(b) of the Federal Rules of Civil Procedure. (DE 31.) The Court found no evidence of mail delivery issues and concluded that Plaintiff had effectively

abandoned the litigation. On April 25, 2025, Plaintiff filed a document that the Court accepts as an objection. (DE 45.)

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

Plaintiff appears to object to the Report based on alleged misrepresentation and ethical misconduct by opposing counsel. (DE 45.) Specifically, Plaintiff contends that he was not a pro se litigant at the time relevant discovery was served and claims to have submitted responses to Defendant's interrogatories. (*Id.*) Plaintiff suggests that defense counsel engaged in deliberate deception by failing to acknowledge these submissions and by mischaracterizing the status of discovery compliance to the Court.

The Court finds no basis to disturb the Magistrate Judge's well-reasoned recommendation. Plaintiff's objection consists primarily of conclusory statements alleging ethical violations by opposing counsel and asserting that interrogatory responses were previously submitted. However, Plaintiff submitted no discovery responses to the Court, failed to respond to Defendant's Motion to Dismiss, and failed to meet multiple court orders, including the Court's March 7, 2025, Order directing Plaintiff to file a response by April 7, 2025.

Notably, Plaintiff's communications with defense counsel on April 8, 2025—after the Court-ordered deadline—contained generic objections referencing Maryland law and unrelated commentary, which the Court has determined are not valid or timely discovery responses. These communications were not filed with the Court, were unnumbered and non-specific, and do not comply with the requirements of the Federal Rules of Civil Procedure.

Further, Plaintiff's objection fails to rebut the findings set forth in the Report that he has failed to prosecute this action. The Court notes that no filings have been received from Plaintiff since the withdrawal of his counsel in September 2024, and no explanation has been provided for the prolonged lack of participation or compliance. While pro se litigants are afforded some leniency, they are nonetheless expected to adhere to court rules and deadlines. And so, Plaintiff's objection is overruled.

**E. Conclusion**

Accordingly, after a careful and thorough review of the Report and Recommendation and the entire record in this matter, the Court adopts the Report (DE 42) in its entirety and incorporates it herein by reference.

It is, therefore, ORDERED that Defendant Truist Bank, formerly known as BB&T Bank's Motion to Dismiss (DE 31) is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 9, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.